CAUSE NUMBER 11-0453-A

FILED
LOIS ROGERS
DIST.  CLERK
2011 FEB 22 PM 1: 26
SMITH COUNTY, TEXAS
BY_____
DEPUTY

| | | |
|---|---|---|
| MICHAEL T. KEPPLE | § | IN THE DISTRICT COURT |
| | § | |
| v. | § | 7TH JUDICIAL DISTRICT |
| | § | |
| JESSE L. MAGEE AND | § | |
| GRAY-DANIELS CHEVROLET | § | SMITH COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

### TO THE HONORABLE JUDGE OF SAID COURT:

**NOW COMES** Michael T. Kepple, hereinafter called "plaintiff", complaining of and about Jesse L. Magee and Gray-Daniels Chevrolet, hereinafter called "defendants", and for cause of action shows unto the Court the following:

### A. DISCOVERY CONTROL PLAN

1. Plaintiff would show discovery in this cause should be conducted under Level 3, as set forth in Tex. R. Civ. P. 190, in that plaintiff affirmatively pleads that he seeks monetary relief aggregating $50,000.00 or more, excluding costs, pre-judgment interest and attorney's fees.

### B. PARTIES

2. Plaintiff, Michael T. Kepple, resides at 3308 SE 89th # 174; Oklahoma City, Oklahoma 73135 and can be identified by the last three (3) digits of his social security number, which are 844 and the last three (3) digits of his Oklahoma driver's license number, which are 659.

3. Defendant, Jesse L. Magee, is an individual residing in Rankin County, Mississippi, who may be served with process via personal service at: 330 Marie Dr.; Florence, Mississippi 39073, or wherever he may be found.

Kepple v. Magee, et al; Cause Number _____
Plaintiff's Original Petition and Request for Disclosure
Page 1

SCANNED

CERTIFIED TO BE A TRUE
AND CORRECT COPY
FILED IN THE SMITH COUNTY
DISTRICT CLERK'S OFFICE

4.     Defendant, Gray-Daniels Chevrolet, is a foreign corporation, which may be served with process by serving it through the Texas Secretary of State for mailing to: staff attorney, Samyra Mosley; 201 Octavia Drive; Brandon, Mississippi 39042, via certified mail, return receipt requested.  Said defendant is being sued pursuant to Tex. R. Civ. P. 28.

## C. JURISDICTION AND VENUE

5     This Court has jurisdiction because the subject matter in controversy is within the jurisdictional limits of this Court.

6.     Venue in Smith County, Texas is proper in this cause pursuant to Tex. Civ. Prac. & Rem. Code §15.002(a)(1)  because "all or a substantial part of the events or omissions giving rise to the claim" occurred in Smith County, Texas.

## D. FACTS

7.     On or about May 5, 2009, plaintiff, Michael T. Kepple, was driving a 2009 white International 7400, towing a 2009 white International Max Force DT, traveling eastbound on Interstate 20 in Lindale, Texas.

8.     Defendant, Jesse L. Magee, was driving a 2007 brown Chevrolet Tahoe, which was following immediately behind plaintiff's vehicle.

9     Defendant, Jesse L. Magee, failed to control his speed and collided with the plaintiff's vehicle.

10.     As a result of Jesse L. Magee's negligent conduct, plaintiff suffered substantial personal bodily injury, lost wages and property damage.

Kepple v. Magee, et al; Cause Number _____
Plaintiff's Original Petition and Request for Disclosure
Page 2

A TRUE AND CORRECT COPY
FILED IN THE SMITH COUNTY
DISTRICT CLERK'S OFFICE

### E. CLAIM OF NEGLIGENCE AGAINST JESSE L. MAGEE

11.     Defendant Jesse L. Magee had a duty to exercise the degree of care that a reasonably careful and prudent person would use to avoid harm to others under the circumstances similar to those described herein.

12.     Plaintiff's injuries and damages were proximately caused by said Defendant Jesse L. Magee's negligent, careless and reckless disregard of said duty.

13.     The negligent, careless and reckless disregard of duty of Defendant Jesse L. Magee consisted of, but is not limited to, the following acts and/or omissions:

A.     In that Defendant Jesse L. Magee failed to keep a proper lookout for plaintiff's safety that would have been maintained by a person of ordinary prudence under the same or similar circumstances;

B.     In that Defendant Jesse L. Magee failed to control the speed of the vehicle which a person of prudent care would have done;

C.     In that Defendant Jesse L. Magee failed to turn the motor vehicle in an effort to avoid the collision complained of;

D.     In that Defendant Jesse L. Magee failed to maintain a clear and reasonable distance between plaintiff's motor vehicle and defendant's motor vehicle which would permit said defendant to bring the motor vehicle to a safe stop without colliding into plaintiff's motor vehicle;

E.     In that Defendant Jesse L. Magee failed to keep such distance away from plaintiff's motor vehicle as a person using ordinary prudent care would have done; and

**Kepple v. Magee, et al; Cause Number \_\_\_\_\_**
**Plaintiff's Original Petition and Request for Disclosure**
**Page 3**



CERTIFIED TO BE A TRUE
AND CORRECT COPY
FILED IN THE SMITH COUNTY
DISTRICT CLERK'S OFFICE

F.   In that Defendant Jesse L. Magee failed to apply the brakes to the motor vehicle in a timely and prudent manner and/or wholly failed to apply the brakes in order to avoid the collision in question.

### F. CLAIM OF NEGLIGENCE *PER SE* AGAINST JESSE L. MAGEE

14.   Defendant Jesse L. Magee's conduct described herein constitutes an unexcused breach of duty imposed by Texas Transportation Code §545.062(a), which states: "An operator shall, if following another vehicle, maintain an assured clear distance between the two vehicles so that, considering the speed of the vehicles, traffic, and the conditions of the highway, the operator can safely stop without colliding with the preceding vehicle . . .".

15.   Defendant Jesse L. Magee's conduct described herein further constitutes an unexcused breach of duty imposed by Texas Transportation Code §545.351(a), which states: "An operator may not drive at a speed greater than is reasonable and prudent under the circumstances then existing."

16.   Plaintiff is a member of the class that the Texas Transportation Code was designed to protect.

17.   Defendant Jesse L. Magee's unexcused breach of duty imposed by the Texas Transportation Code proximately caused plaintiff's injuries and damages described herein.

### G. RESPONDEAT SUPERIOR

18.   Plaintiff would show that Defendant, Gray-Daniels Chevrolet, at the time of the collision made basis of this suit was the employer of Jesse L. Magee. Plaintiff would show that Jesse L. Magee, was the agent, servant, and employee of Defendant, Gray-Daniels Chevrolet, and was acting within the scope of his authority as such agent, servant, and employee at the time the accident made basis of this lawsuit occurred. In this regard, by virtue of the doctrine of

Kepple v. Magee, et al; Cause Number _____
Plaintiff's Original Petition and Request for Disclosure
Page 4

CERTIFIED TO BE A TRUE
AND CORRECT COPY
FILED IN THE SMITH COUNTY
DISTRICT CLERK'S OFFICE

respondeat superior, Defendant, Gray-Daniels Chevrolet, is vicariously liable for the negligence and fault of Jesse L. Magee.

## H. DAMAGES

19      As a direct and proximate result of the occurrence made the basis of this lawsuit, plaintiff was caused to suffer:

A.      Reasonable medical care and expenses in the past   These expenses were incurred by plaintiff for the necessary care and treatment of the injuries resulting from the incident complained of herein and such charges are reasonable and were usual and customary charges for such services in the East Texas area;

B.      Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

C.      Lost wages;

D.      Loss of earning capacity;

E.      Physical pain and suffering in the past;

F       Physical pain and suffering in the future;

G.      Mental anguish in the past;

H.      Mental anguish in the future;

I.      Physical impairment in the past; and

J.      Physical impairment in the future.

## I. REQUEST FOR DISCLOSURE

20      Pursuant to Tex. R. Civ. P. 194, plaintiff requests the defendants to disclose, within fifty (50) days of service of this request, the information and material described in Tex. R.

CERTIFIED TO BE A TRUE *Kepple v. Magee, et al; Cause Number* _____
AND COR̶RECT COPY Plaintiff's/Original Petition and Request for Disclosure
FILED IN THE SMITH COUNTY
DISTRICT CLERK'S OFFICE                                   Page 5

Civ. P. 194.2. Plaintiff specifically requests that the defendants produce responsive documents at the undersigned law office within fifty (50) days of service of this request.

## J. DOCUMENTS TO BE USED

21.     Pursuant to Tex. R. Civ. P. 193.3(d) and 193.7, plaintiff intends to use all documents exchanged and produced between the parties including, but not limited to, correspondence, disclosures, and discovery responses, during the trial of the above entitled and numbered cause.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** plaintiff respectfully prays that the defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the plaintiff against defendants for damages in an amount within the jurisdictional limits of the Court, together with pre-judgment interest at the maximum rate allowed by law, post-judgment interest at the legal rate, costs of Court, and such other and further relief to which the plaintiff may be entitled at law or in equity.

## PLAINTIFF HEREBY DEMANDS A JURY TRIAL.

Respectfully submitted,

DOBBS & TITTLE, P.C.

_____
David E. Dobbs
Texas Bar No. 05913700
112 East Line Street, Suite 300
Tyler, Texas 75702-5721
Telephone: (903) 595-1160
Facsimile: (903) 595-1999
Attorney for Plaintiff

Kepple v. Magee, et al; Cause Number _____
Plaintiff's Original Petition and Request for Disclosure
Page 6

CERTIFIED TO BE A TRUE
AND CORRECT COPY
FILED IN THE SMITH COUNTY
DISTRICT CLERK'S OFFICE